GEORGE W. SCOVELL and FRANK TRIMM, Appellants, v. M. P. PFEFFER and J. W. PFEFFER, Appellees.

**Appeal:** QUESTIONS NOT RAISED BELOW: REVIEW. A question not going to the jurisdiction of the court and in no manner suggested in the trial court cannot be urged on appeal; as where a case is tried on the theory that a party represented his coparty also, in a transaction in which certain alleged false statements are claimed to have been made, the question of the liability of the coparty for the false statements cannot be first raised on appeal.

**False representations to tenant:** MEASURE OF DAMAGES: INSTRUCTION. The measure of damages to a tenant for false representations concerning leased premises, is the difference in value of the use of the land as it was represented, subject to the conditions imposed by the lease, and their value as they actually were, subject to like conditions; and an instruction which fairly embodies this rule is correct.

**Same.** A reference in the instruction concerning the value of the use of the farm " burdened " with the rent for the time occupied, is held not misleading, as the term " burdened " indicated simply the obligation which the tenant was bound to perform: nor was the instruction open to the objection that it in effect directed the jury to find for defendant, when read as a whole.

**Appeal:** ARGUMENT: PRESUMPTION. The argument on appeal that the claim sued on lacks the essential elements of honesty and integrity will not be considered on appeal, as this is a question involved in the finding of the jury: nor will the court take judicial notice of the fact, as claimed in argument, that a landlord does not stand on an equal footing with his tenant before a jury.

*Appeal from Hancock District Court.*— HON. J. F. CLYDE, Judge.

FRIDAY, SEPTEMBER 25, 1908.

ACTION by landlords against tenants for damages for

failure to perform conditions of lease. Answer admitting the execution of lease and setting. up counterclaims for labor performed, and damages for false representations inducing defendants to accept said lease. There was a judgment for defendants and plaintiffs appeal.— *Affirmed.*

*C. R. Wood,* for appellants.

*Seneff & Bliss,* for appellees.

PER CURIAM.— While several errors are assigned, the argument for appellants is based upon two general propositions: First, that the alleged false representations having been made by the plaintiff Scovell alone, his coplaintiff, Trimm, cannot be held jointly liable with him for the resulting damages; and, second, that the correct measure of damages was not given to the jury, and no evidence was introduced upon which damages could be assessed according to the proper measure.

I. The objection that the plaintiff Trimm is not to be held liable for false representations by his coplaintiff appears not to have been made in the trial court, but is raised for the first time in this court. The case was evidently tried on the theory that Scovell represented, not only himself, but Trimm, in negotiating the lease to defendants, and that they were equal in liability if defendants should succeed in sustaining their counterclaim. Proof of the alleged representations was admitted without objection by either plaintiff, and no objection was made. on that· ground to the evidence offered to prove damages. In asking instructions upon this branch of the case, no point was made by plaintiffs that both were not equally liable for damages on account of the alleged false representations; but the only point made was that defendants by accepting the benefits, of the lease, and failing to object to the condition in which the leased premises were found,

1. APPEAL: questions not raised below: review.

had estopped themselves from recovering upon such counter-claim. Under such circumstances, it is a familiar rule that an objection not going to the matter of jurisdiction cannot be raised for the first time upon appeal.

II. Were damages proven according to the proper measure? The jury were told that, if they found defendants entitled to recover on their counterclaim because of fraud and false representations concerning the leased premises, their damages would "be the difference between the fair and reasonable value of the use of the farm in question under the lease burdened with the rents provided therein for the time defendants occupied the farm, if the farm had been in all respects as represented by the witness Scovell, and the fair and reasonable value of the use of the farm under the lease and burdened by the rents provided therein for the time it was occupied by the defendants, and in the condition which you find it to have been in fact." While this statement is somewhat prolix and unnecessarily involved in construction, it fairly embodies what we understand to be the correct rule. Indeed, it does not, as we view it, differ in any material degree from the rule stated in plaintiffs' argument. In determining the value of the use of the premises in such cases, reference must always be had to the terms and conditions of the lease, and the reference thereto in both statements by the court had the tendency to protect the plaintiffs from an overestimate or over-assessment which might result if the comparison had been between the rental value of the premises as represented and their rental value in their actual condition, and that alone taken into consideration in fixing the damages.

2. FALSE REPRESENTATIONS TO TENANT: measure of damages: instruction.

Counsel object particularly to the use of the word "burdened" in the court's instruction. This word appears to have been employed as an expression indicating the obligations which, by the terms of the lease, the tenants had assumed, and which they were in any

3. SAME.

event bound to perform. It had no reference whatever to any burden cast upon the defendants by the alleged fraud of plaintiffs, nor could the jury so have understood it. Most of the evidence offered by the defendants with respect to the rental value of the premises as they were, and as they were represented to be, was objected to by the plaintiffs, but we think the objection is not well taken. These questions generally embodied a reference to the terms of the lease, and properly so. The rent to be paid and the various conditions to be performed were in the nature of fixed charges which must be met by the tenant, whether the land was or was not as represented by the lessors, unless they saw fit to rescind the lease. Not having rescinded the contract, their damages, if any, can only be estimated by finding the difference in the value of the use of the land as it was represented, subject to the conditions imposed by the lease, and the value of the same premises as they actually were, subject to like conditions. *Taylor v. Bradley,* 39 N. Y. 129 (100 Am. Dec. 415).

The objection that there was no testimony on which to base some of the estimates called for from witnesses is not borne out by the record. There was testimony pertinent to each proposition. The objection that the sixteenth instruction in effect directed the jury to find for defendants is based solely on the closing sentence of the paragraph. But the language there employed is clearly modified by the opening sentence: "If you find in defendants' favor on the counterclaim for fraud," etc. The paragraph as a whole is not susceptible of the meaning which counsel place upon it.

III. The statement in the appellants' brief that the counterclaim lacks all the essential elements of honesty and integrity, and is stale and fabricated, is one which we cannot consider. The good faith of the claim and the credibility of the witnesses were for the jury and the jury alone. Counsel further say: "We assume that your honors will take judicial notice

4. APPEAL: argument: presumptions.

of the fact that a landlord and tenant, regardless of the theory of the law, do not stand upon an equal footing before a jury in this State." We are not willing to indorse this assertion. The experience of a great majority of judges who have presided upon the trial bench in this State demonstrates that juries passing upon cases of this character are more often than otherwise made up largely of farmers owning their own lands, many of them being themselves lessors, men who, if swayed at all by self-interest or partisanship, would naturally be found holding a delinquent tenant to reasonably rigid observation of his contract. If, under such circumstances, the tenant wins a verdict, it affords fair ground for the belief that the finding has some substantial support in the evidence, and it is a demonstration as well of the fair-minded character of the jury.

We find no reversible error in the record; and the judgment of the district court is *affirmed*.